UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIYAM AKMAL, | CASE NO. C13-0379JLR |
| Plaintiff, | ORDER |
| v. | |
| CITY OF KENT, et al., | |
| Defendants. | |

This matter comes before the court on pro se Plaintiff Mariyam Akmal's Motion for Relief From 120 Day Service Deadline, to Stay Proceedings and For Recusal of Judge James Robart. (Mot (Dkt. # 6).) Ms. Akmal asks the court to recuse itself from this case: "Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 that Judge James Robart recuse himself from this case." (Mot. at 2.) She also asks the court to either stay the proceedings "to allow her to time to consult specifically with a Civil Rights attorney . . ." or extend the time allowed for her to serve process on Defendants. (Mot. at 1-2.)

ORDER- 1

A.   **Motion to Recuse**

The court DENIES Ms. Akmal's motion to recuse. Under 28 U.S.C. § 144, a party may file an affidavit of bias or prejudice stating the facts and reasons for that party's belief that a judge is biased or prejudiced against them. The affidavit must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard" and must be accompanied by a certificate stating that the affidavit is presented in good faith. 28 U.S.C. § 144. Similarly, under 28 U.S.C. § 455(a), a judge must recuse from a case if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Neither of these two standards is met here. Ms. Akmal has not filed an affidavit that complies with Section 144, nor has she given any reason at all why the court's impartiality might reasonably be questioned. (*See* Mot.); *see also* 28 U.S.C. §§ 144, 455(a). Instead, she simply cites the relevant statutes and requests recusal. The court can discern no legitimate reason why it should recuse itself. Accordingly, the court declines to voluntarily recuse itself and, pursuant to the Local Rules for the Western District of Washington, refers this issue to the Chief Judge of this court. *See* Local Rules W.D. Wash. CR 3(e).

B.   **Motion to Stay Proceedings**

A district court has discretionary power to stay proceedings before it. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723

F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see also Lockyer*, 398 F.3d at 1109. As the Ninth Circuit has noted, "*Landis* cautions that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 112 (quoting *Landis*, 299 U.S. at 255).

Under this standard, the court GRANTS Ms. Akmal's motion to stay these proceedings to give her time to consult with an attorney. All of the factors listed above favor granting a stay. First, it is unlikely that a stay will damage anyone. This case is in its early stages—Defendants have not even been served, nor have they appeared. It is difficult to imagine how they would be harmed by a stay. Second, it may be a hardship to Ms. Akmal to be required to go forward without having an opportunity to consult with an attorney. Ms. Akmal has not provided the court with any reason why she failed to

consult with an attorney earlier, but the court recognizes that it can be difficult to prosecute a lawsuit as a pro se plaintiff and finds that it would be a hardship to Ms. Akmal if she were not granted time to consult with an attorney. Finally, the orderly course of justice favors granting a stay. If Ms. Akmal successfully retains an attorney, it is possible that her attorney will help her simplify the issues, proof, and questions of law in this case. That would help the court do orderly justice and assists the court in reaching a fair, just, and correct result.

Based on the foregoing, the court GRANTS Ms. Akmal's motion to stay and GRANTS a stay of 45 days (until August 16, 2013) for Ms. Akmal to consult with an attorney. Ms. Akmal is permitted to serve Defendants during this time. However, if Defendants have not been served by the time the stay ends on August 16, 2013, the deadline for serving Defendants will have long since expired, *see* Fed. R. Civ. P. 4(m). The court grants Ms. Akmal an additional 14 days (until August 30, 2013) to serve Defendants. After that time, if Ms. Akmal has not served Defendants, the court will dismiss this case for failure to effectuate service in a timely manner.

Dated this 1st day of July, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4