1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
8                                  AT SEATTLE

9

10   MARIYAM AKMAL,                          CASE NO. C13-0379JLR

11                   Plaintiff,              ORDER GRANTING
                                             DEFENDANT ALSTON'S
12          v.                               MOTION TO DISMISS

13   CITY OF KENT, et al.,

14                   Defendants.

15                        I.    INTRODUCTION

16      Before the court is Defendant Michael Alston's motion to dismiss for lack of

17   subject matter jurisdiction and for failure to state a claim (Mot. (Dkt. # 46)), and Plaintiff

18   Mariyam Akmal's request for entry of default (*see* Resp. (Dkt. # 48) at 2.)  The court has

19   examined the submissions of the parties, the balance of the record, and the governing

20

21

22

ORDER- 1

1   law.  Considering itself fully advised, the court GRANTS Mr. Alston's motion to dismiss

2   (Dkt. # 46) and DENIES Ms. Akmal's request for entry of default (Dkt. # 48).[1]

3                                    **II.    BACKGROUND**

4        Ms. Akmal filed the instant case on March 5, 2013, and has since amended her

5   complaint twice.  (*See* Compl. (Dkt. # 4); Am. Compl. (Dkt. # 27); 2d Am. Compl. (Dkt.

6   # 43).)  Ms. Akmal's three complaints are similar to one another, and in each of them she

7   alleges a laundry list of civil rights violations against the City of Kent ("City"), the Kent

8   Police Department ("Kent Police"), and other public figures, including Mr. Alston, who

9   is the Director of the Office of Civil Rights ("OCR") within the Federal Department of

10  Justice's Office of Justice Programs.  (*Id.*)  Ms. Akmal is suing Mr. Alston in his personal

11  capacity.  (*Id.*)  The crux of Ms. Akmal's allegations are that Kent Police and other public

12  officials in the City engaged in a "civil conspiracy" against her.  (*See* 2d Am. Compl.

13  ¶ 34.)

14       Ms. Akmal's conspiracy allegations include discrimination by Kent Police officers

15  because of her religion, race, and gender.  (*Id.* ¶¶ 17, 34.)  Ms. Akmal is an African-

16  American Muslim.  (*Id.*)  She claims that Kent Police discriminated against her because

17  they "repeatedly, over a decade, refused to allow her to lodge crime reports that she has

18  been harassed both electronically and in real life, as well as stalked by a networked group

19  of mostly anonymous individuals."  (*Id.* ¶ 17.)  Ms. Akmal also alleges that Kent Police

20  retaliated against her for her attempted complaints by getting her fired, stealing money

21

22       [1] No party requested oral argument, and the court finds it unnecessary.

ORDER- 2

1  from her bank account, and painting her in a false light because she lawfully owns a

2  firearm.  (*See id.* ¶¶ 24-26.)

3      Ms. Akmal also alleges that she was discriminated against by the City.  She claims

4  that she was asked to, and did, give her contact information to the City Clerk in 2010 for

5  investigatory purposes, that afterward her complaints were not investigated, and that the

6  City used her personal information to stalk and retaliate against her.  (*Id.*)  This stalking

7  and retaliation included "entering her home while in her absence, taking items from her

8  home, going through her personal correspondence, computers, etc. and then using this

9  gleaned knowledge to anonymously stalk, track, and taunt her." (*Id.*)  Ms. Akmal also

10  alleges that she was threatened by agents of the City.  (*Id.*)  She states, "[t]o date, they

11  continue to send her veiled threats of physical harm—'I can hurt you,' 'you know what

12  they say about the squeaky wheel,' references to playing 'Cowboys & Muslims' but

13  dipping the bullet in pig grease first . . . ." (*Id.*)

14      Ms. Akmal complained about the City's and Kent Police's conduct to OCR on

15  March 15, 2007, and OCR closed her case on May 1, 2007.  (*Id.* ¶ 28; Cooper Aff. (Dkt.

16  # 51) ¶ 2.)  Ms. Akmal claims that Mr. Alston told her "that she could complain all she

17  wanted and [could] complain to his boss all day long but that '***no one*** *is ever going to*

18  *help you.*'" (2d Am. Compl. ¶¶ 28-29 (emphasis in original).)

19      Mr. Alston now moves to dismiss Ms. Akmal's claims against him for lack of

20  subject matter jurisdiction and failure to state a claim under Federal Rules of Civil

21  Procedure 12(b)(1) and 12(b)(6).  (*See* Mot. at 3-5 (citing Fed. R. Civ. P. 12(b)(1), (6)).)

22  He argues that Ms. Akmal's claims should be dismissed because Ms. Akmal "has failed

1  to plead any facts to show that [he] violated any [of her] constitutional rights," "has failed

2  to plead any facts to show that her claims against [him] are not barred by the statute of

3  limitations," and because "there is an alternative existing process for [her] to address her

4  claims of alleged discrimination by recipients of federal funds." (*Id.* at 1, 8.)

5       Against the motion for dismissal, Ms. Akmal argues that "Mr. Alston's repeated

6  refusal to conduct the investigation upon receipt of the required paperwork supplied by

7  [her] amounts to a deprivation of her Constitutional rights under the First, Fifth, and

8  Fourteenth Amendments."[2] (Resp. at 2.)  Ms. Akmal also asks the court to enter a default

9  against Mr. Alston for failing to timely answer her complaint. (*Id.*)

10                        **III.    ANALYSIS**

11  **A.     Motion to Dismiss Standards**

12       Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the

13  court lacks subject matter jurisdiction over the claim. *See* Fed. R. Civ. P. 12(b)(1).

14  Subject matter jurisdiction is a threshold issue that goes to the court's power to hear the

15  case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  A motion to

16  dismiss for lack of subject matter jurisdiction can attack the allegations either facially or

17  factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A

18  moving party factually attacks the allegations by "disput[ing] the truth of the allegations

19  that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  A moving party

20

21       [2] Ms. Akmal also mentions a Second Amendment violation in her complaint but she does
   not indicate in her complaint or her response that Mr. Alston, specifically, violated her Second
22  Amendment rights. (*See* Compl. ¶¶ 16, 34; *see generally* Resp.)

1   facially attacks the allegations by asserting "that allegations contained in the complaint

2   are insufficient on their face to invoke federal jurisdiction." *Id.*

3         A federal court may also dismiss a plaintiff's claims if he or she fails to state a

4   claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  When considering

5   a motion to dismiss under either Federal Rule of Civil Procedure 12(b)(6) or 12(b)(1), the

6   court construes the complaint in the light most favorable to the non-moving party. *See*

7   *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005);

8   *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Generally, the court

9   must accept as true all well-pleaded allegations of material fact and draw all reasonable

10   inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,

11   135 F.3d 658, 661 (9th Cir. 1998).  This is particularly true when a plaintiff appears pro

12   se, because the court must construe pro se plaintiffs' pleadings liberally and afford them

13   the benefit of the doubt. *See, e.g.*, *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623

14   (9th Cir. 1988).  The court, however, need not accept as true a legal conclusion presented

15   as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

16         A complaint generally must contain "a short and plain statement of the claim

17   showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Furthermore,

18   "[t]o survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual

19   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*,

20   556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see*

21   *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial

22   plausibility when the plaintiff pleads factual content that allows the court to draw the

1   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

2   U.S. at 678.  Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal

3   theory or the absence of sufficient factual allegations under a cognizable legal theory.

4   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  If the court finds

5   that dismissal is warranted, the court must grant the pro se plaintiff leave to amend unless

6   it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of*

7   *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

8   **B.      Subject Matter Jurisdiction and Mr. Alston's Argument About Alternative
            Remedies**

9           As a threshold matter the court must address subject matter jurisdiction.

10  Generally, an individual may sue federal officers for constitutional violations in their

11  individual capacity based on the Supreme Court's precedent in *Bivens v. Six Unknown*

12  *Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  However, Mr.

13  Alston argues that a *Bivens* claim is not available to Ms. Akmal and that her claim should

14  be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

15  12(b)(1).  Specifically, Mr. Alston argues that Ms. Akmal cannot bring her *Bivens* claim

16  because she has an alternative administrative remedy and the Supreme Court has held

17  that *Bivens* claims are not available when alternative remedies exist.  (Mot. at 8-9.); *see*

18  *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009) (If there is

19  "any alternative, existing process for protecting the plaintiffs' interests . . . . [s]uch an

20  alternative remedy would raise the inference that Congress expected the Judiciary to stay

21  its *Bivens* hand.") (internal citations omitted).  Mr. Alston contends that there is an

22

1    alternative process for Ms. Akmal to bring her claim because the statute governing the

2    Office of Justice Programs says that persons who claim they were discriminated against

3    by entities funded by that office, like OCR, must exhaust administrative remedies before

4    filing suit.  (*See* Mot. at 9 (citing 42 U.S.C. § 3789d).)  However, that statute only

5    discusses the need to exhaust administrative remedies when "a State government or unit

6    of local government, or any officer or employee thereof acting in an official capacity, has

7    engaged in [discrimination] . . . ."  42 U.S.C. § 3789d(c)(4)(A).  Mr. Alston and OCR are

8    not a unit of state or local government (*see* Mot. at 2-3), nor is Mr. Alston being sued in

9    his official capacity (*see generally* Not. of Rem. Ex. A).  Therefore, the alternative

10   remedy Mr. Alston describes does not apply to Ms. Akmal's claims, and a *Bivens* claim is

11   still potentially available.  Additionally, based on the court's research and the parties'

12   pleadings, there appear to be no cases where other courts have held that *Bivens* actions

13   are unavailable with respect to claims against OCR officials sued in their personal

14   capacities.  (*See* Mot. at 9; Resp. at 12-13.)  Thus, the court does not lack subject matter

15   jurisdiction over Ms. Akmal's claims, and it declines to grant Mr. Alston's motion to

16   dismiss on this ground.

17   **C.      Ms. Akmal Fails to State any Claims for Relief Against Mr. Alston**

18           Ms. Akmal's complaint should nonetheless be dismissed with respect to Mr.

19   Alston because she does not allege facts showing that he violated her constitutional

20   rights.  (*See generally* 2d Am. Compl.)  To state a claim under *Bivens*, a plaintiff must

21   allege (1) that a right secured by the Constitution was violated and (2) that the alleged

22   violation was committed by a federal actor.  *See Van Strum v. Lawn*, 940 F.2d 406, 409

ORDER- 7

1  (9th Cir. 1991).  Here, the sole reference to Mr. Alston in Ms. Akmal's complaint is his

2  alleged statement, "no one is ever going to help you."  (2d Am. Compl ¶ 29.)  This

3  statement does not allege any facts showing that Mr. Alston violated Ms. Akmal's

4  constitutional rights or that he took any improper action against her.  Even taking the

5  alleged statement as true, it does not show that Mr. Alston violated Ms. Akmal's First,

6  Fifth, or Fourteenth Amendment rights.  *See* U.S. Const. Amends. I, V, XIV.

7          Furthermore, the pleading defects in Ms. Akmal's complaint are not cured by the

8  argument in her response memorandum that the statement "was the defendant's final

9  word to her at the culmination of close to two years' worth of effort in an attempt to have

10  [OCR] open an investigation into . . . the Kent [Police]."  (Resp. at 7.)  Ms. Akmal does

11  not provide any information about her attempts to have OCR investigate her claims, and

12  Mr. Alston has proffered evidence that OCR did open an investigation based on a

13  complaint by Ms. Akmal and that this investigation was closed in 2007.  (Cooper Aff.

14  ¶ 2.)  Regardless, even if this was Mr. Alston's "final word," Ms. Akmal does not explain

15  how the statement was discriminatory or violated any of her constitutional rights.  The

16  court need not accept Ms. Akmal's legal conclusion that "discrimination of this nature

17  and by a high-ranking employee of the U.S. Department of Justice is a violation of her

18  [Constitutional] right[] to equal protection."  *See Iqbal*, 556 U.S. at 664.  Ms. Akmal has

19  failed to state a claim for relief against Mr. Alston, and thus, the court GRANTS Mr.

20  Alston's motion to dismiss and DISMISSES Ms. Akmal's claims without prejudice.  The

21  court also GRANTS Ms. Akmal leave to amend her complaint within 10 days.  *See*

22

1  *Lucas*, 66 F.3d at 248. (explaining that granting leave to amend to pro se plaintiffs is

2  mandatory unless it is clear that amendment could not cure the defects).

3  **D.      Mr. Alston's Statute of Limitations Argument**

4         Alternatively, Mr. Alston argues that Ms. Akmal's *Bivens* claims should be

5  dismissed under Federal Rule of Civil Procedure 12(b)(6) because they are barred by the

6  applicable statute of limitations.  (Mot. at 11-12.)  The court rejects this argument but

7  will address it nonetheless because it relates to the court's decision to grant Ms. Akmal

8  leave to amend.  Generally, a court does not need to grant leave to amend if the statute of

9  limitations has run because amendment in these circumstances would not cure the

10  defects.  *See, e.g.*, *Teaupa v. U.S. Nat. Bank N.A.*, 836 F. Supp. 2d 1083, 1095 (D. Haw.

11  2011).

12         It is not apparent from the face of Ms. Akmal's complaint that the statute of

13  limitations has run.  A statute of limitations defense can form the basis of a Federal Rule

14  of Civil Procedure 12(b)(6) motion to dismiss if the facts and dates alleged on the face of

15  the complaint indicate that the claim is time-barred.  *Von Saher v. Norton Simon*

16  *Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  Dismissal is only

17  appropriate, however, if it appears beyond doubt that the plaintiff can prove no set of

18  facts that would establish the timeliness of the claim.  *Id.*  Here, Ms. Akmal does not

19  indicate in her complaint when Mr. Alston's alleged statement was made (*see* 2d Am.

20  Compl. ¶ 24), and in her response she indicates that she has had multiple recent contacts

21  with OCR (*see* Resp. at 11).  Although Mr. Alston provides evidence showing that Ms.

22  Akmal's claims arose in 2007, which would make them time-barred under the

ORDER- 9

1   appropriate statute of limitations,[3] it is not evident on the face of the complaint that Ms.

2   Akmal's claims are time-barred.  *See Von Saher*, 592 F.3d at 969.  Thus, the court

3   declines to grant Mr. Alston's motion to dismiss on this ground.  If Ms. Akmal amends

4   her complaint, she should take particular care to provide facts showing that her claims

5   are not time-barred.

6   **E.      Ms. Akmal has not Properly Moved for Default Against Mr. Alston**

7          Last, with respect to Ms. Akmal's request to enter default, the court finds that

8   entry of default against Mr. Alston is not appropriate at this time.  As has already been

9   explained to Ms. Akmal in prior orders, motions for entry of default must be filed and

10  pled in accordance with the Federal and Local Rules.  (*See* Ord. (Dkt. # 33).)  Entry of

11  default is governed by Federal Rule of Civil Procedure 55(a), which requires the clerk to

12  enter default "[w]hen a party against whom a judgment for affirmative relief is sought has

13  failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  In order to obtain an entry of

14  default, a party must support its motion by affidavit "show[ing] that the defaulting party

15  was served in a manner authorized by Fed. R. Civ. P. 4."  Local Rules W.D. Wash. LCR

16  55(a).  Additionally, if a defaulting party has already entered an appearance, the moving

17  party must provide the defaulting party written notice of its intent to move for entry of

18  default at least 14 days prior to filing its motion.  *Id.*

19

20  ───────────────

21      [3] The law of the forum state determines the statute of limitations for a *Bivens* action. *Papa v. U.S.*, 281 F.3d 1004, 1009 (9th Cir. 2002).  The applicable statute of limitations for a *Bivens* action in Washington State is the three year limitations period in RCW 4.16.080(2).  *See*

22  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

ORDER- 10

1    Ms. Akmal has not complied with Local Rule 55(a).  She has not filed an affidavit

2  showing that Mr. Alston was properly served pursuant to Federal Rule of Civil Procedure

3  4 (*see generally* Dkt.), nor has she provided 14 days written notice to Mr. Alston prior to

4  requesting default even though he has appeared in this action (*see* Not. of App.

5  (Dkt. # 45)).  Accordingly, her request for entry of default is DENIED.

6                          **IV.    CONCLUSION**

7    For the foregoing reasons, the court GRANTS Mr. Alston's motion to dismiss

8  (Dkt. # 46), but provides Ms. Akmal leave to amend her complaint within 10 days of the

9  date of this order.  The court warns Ms. Akmal that should she fail to timely amend her

10  complaint in a manner that resolves the deficiencies described herein, the court will

11  dismiss her claims against Mr. Alston without prejudice.  Ms. Akmal has already filed

12  two amended complaints (*see* Dkt.), and additional opportunities to amend will likely be

13  denied.  The court notes also that the City currently has a motion to dismiss pending (*see*

14  Dkt. # 49).  If Ms. Akmal wishes to amend her complaint in response to this pleading, the

15  City's motion will be tested against the new complaint.  Accordingly, any new

16  allegations Ms. Akmal wishes to make against the City in response to the pending motion

17  must be included in the amended complaint.  If Ms. Akmal amends her complaint, the

18  City is granted ten days in which to file supplemental briefing in response to the amended

19  complaint.

20  //

21  //

22  //

ORDER- 11

1   Finally, the court also DENIES Ms. Akmal's request for an entry of default (*see* Resp. at

2   2 (Dkt. # 48)), because she has failed to comply with the applicable Rules.

3      Dated this 13th day of March, 2014.

4

5

6              _____

7              JAMES L. ROBART
               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 12