UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIYAM AKMAL,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF KENT, et al.,<br><br>             Defendants. | CASE NO. C13-0379JLR<br><br>ORDER GRANTING DEFENDANT CITY OF KENT'S MOTION TO DISMISS |

## I.    INTRODUCTION

Before the court is Defendant City of Kent's ("City") motion to dismiss for failure to state a claim (Mot. (Dkt. # 49)) pursuant to Federal Rule of Civil Procedure 12(b)(6). The court has examined the submissions of the parties, the balance of the record, and the governing law.  Being fully advised, the court GRANTS Defendant City of Kent's motion to dismiss.

ORDER- 1

## II.  BACKGROUND

Mariyam Akmal filed the instant case on March 5, 2013, and has since amended her complaint three times.  (*See* Compl. (Dkt. # 4); Am. Compl. (Dkt. # 27); 2d Am. Compl. (Dkt. # 43); 3d Am. Compl. (Dkt. # 53).)  Ms. Akmal's four complaints are similar to one another.  In each, she alleges a laundry list of civil rights violations against the City of Kent, the Kent Police Department ("Kent Police"), and other public figures.  (*See generally* 3d Am. Compl.)  Ms. Akmal sues the City directly and under the doctrine of *respondeat superior*.  (*Id.* ¶ 7.)  The crux of her allegations is that Kent Police and other public officials in the City engaged in a "civil conspiracy" against her.  (*See* 2d Am. Compl. ¶ 34.)  In connection with these allegations, she alleges violations of 42 U.S.C. § 1981, § 1985, § 1986, § 1988, both the United States and Washington Constitutions, and privacy torts.  (3d Am. Compl. ¶ 17.)  Ms. Akmal seeks monetary, declaratory and injunctive relief.  (*Id.* at 23.)

At the heart of Ms. Akmal's conspiracy allegations are claims that the Kent Police discriminated against her on the basis of religion, race, and gender.  (*Id.* ¶ 18.)  Ms. Akmal is an African-American Muslim.  (*Id.*)  She claims that Kent Police "repeatedly, over a decade, refused to allow her to lodge crime reports," complaining that she has been "harassed both electronically and in real life, as well as stalked by a networked group of mostly anonymous individuals."  (*Id.*)

Further, she claims that the City retaliated against her for attempting to lodge those complaints.  She alleges that she gave her contact information to the City for investigatory purposes at the City Clerk's request.  Subsequently, she claims that her

complaints were not investigated and that the City used her personal information to stalk her and invade her private life. (*Id.* ¶ 33.) This included allegedly "entering her home while in her absence, taking items from her home, going through her personal correspondence, computers, etc. and then using this gleaned knowledge to anonymously stalk, track, and taunt her. . . ." (*Id.*) In addition to these searches, Ms. Akmal claims that she was threatened by agents of the City. (*Id.*) She states, "[t]o date, they continue to send her veiled threats of physical harm—'I can hurt you,' 'you know what they say about the squeaky wheel,' references to playing 'Cowboys & Muslims' but dipping the bullet in pig grease first . . . ." (*Id.*) Further, she claims that the Kent Police had her fired, stole money from her bank account, and painted her in a false light by disseminating a document containing her photograph and personal information to the City. (*Id.* ¶¶ 36, 37, 39.) She alleges that the Kent Police justified disseminating her information on the basis that she lawfully owns a firearm, creating issues of officer safety. (*Id.* ¶ 39.)

On March 13, 2014, the court granted Defendant Michael Alston's motion to dismiss. (*See* 3/13/14 Order (Dkt. # 52).) Now the City moves to dismiss for failure to state a claim upon which relief may be granted. (Mot. to Dismiss (Dkt. # 49).) Relying solely on case law decided before the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Ms. Akmal argues that she pleads sufficient facts to survive the City's motion. (*See generally* Resp. (Dkt. # 54)).

# III. ANALYSIS

## A. The City's Motion to Dismiss

Ms. Akmal asserts causes of action that can be divided into three groups. The first group of claims are statutory civil rights causes of action, including 42. U.S.C. § 1981, § 1985, § 1986 and § 1988. (3d Am. Compl. ¶ 17.) The second group consists of state law claims, including false light, defamation, and violation of Article I, Section VII of the Washington Constitution. (*Id.* ¶ 57.) The third is a § 1983 claim alleging violations of the First, Second, Fourth and Fourteenth Amendments to the United States Constitution. (*See id.* ¶ 60.) Given that there appears to be a slightly different pleading standard in the Ninth Circuit for § 1983 suits against local governments, the court will address her § 1983 claim separately.

### 1. Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8 sets the general requirements for pleadings. *See* Fed. R. Civ. P. 8. Rule 8 requires that the plaintiff include three things in his or her complaint: (1) a statement of the grounds for the court's jurisdiction; "(2) a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) a prayer for relief. *Id.* In *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, the Supreme Court explained the pleading requirement set forth in Rule 8. In doing so, the Court abrogated the "notice pleading" standard that was based on its decision in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Twombly*, 550 U.S. at 563. Instead, the Court held that Rule 8 requires a complaint to contain factual allegations sufficient "to raise a right to relief above a speculative level." *Id.* at 555.

To survive a Rule 12(b)(6) motion to dismiss under *Twombly* and *Iqbal*, a complaint must contain factual matter sufficient to support a facially plausible claim to relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Iqbal*, 556 U.S. at 662). A claim for relief is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662. Though this standard is not a probability requirement, it requires the plaintiff to do more than present facts tending to show that the defendant might be liable. *Id*. A complaint crosses the threshold from conceivable to plausible when it contains factual matter alleged with sufficient specificity to raise entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555. Otherwise stated, "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). "Apart from factual sufficiency, a complaint is also subject to dismissal [under Rule 12(b)(6)] where it lacks a cognizable legal theory, or where the allegations on their face show that relief is barred for some legal reason." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a party's Rule 12(b)(6) motion to dismiss, the court construes all facts in the light most favorable to non-moving party. *Twombly*, 550 U.S. at 555. However, the court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Id.*

2. <u>Ms. Akmal's § 1981, § 1985, § 1986 and § 1988 Claims</u>

42 U.S.C. § 1981 and § 1988 are not related to this case. Accordingly, the court quickly dismisses these claims. Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 459 (1975). The purpose of § 1988 is for the court to award attorney's fees to the prevailing party in a civil rights action. *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990). As Ms. Akmal has neither prevailed in the action nor alleges employment discrimination by the City, she fails to state a claim as to these causes of action.

Similarly, her claims under § 1985 and § 1986 are deficient. An essential element of a cause of action under § 1985(3) is a showing of racial or otherwise class-based animus. *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). An inadequate factual allegation of the requisite animus is sufficient for the court to dismiss the claim under Rule 12(b)(6). *Id.* Further, a cause of action is not provided under § 1986 "absent a valid claim for relief under section 1985." *Id.* at 1403. Therefore, an inadequate allegation of class-based animus is sufficient for the court to dismiss both her § 1985 and § 1986 claims.

Ms. Akmal has not plausibly alleged that the City acted with racial animus. Her assertion that the City discriminated against her on the basis of race, religion and gender is "nothing more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). At the heart of her claim is a theory that the City denied her complaints because she is a single, African-

American, Muslim, female.  (*See* 3d Am. Compl. ¶ 18.)  She does not support her theory, however, with factually sufficient allegations showing the court that her entitlement to relief is "above the speculative level."  *See Twombly*, 550 U.S. at 555.  The only support she provides for this allegation is her conclusion that the City "discriminated against her based on her religion (Islam), race (African American), gender (female), [and] marital status (single)."  (3d. Am. Compl. ¶ 18.)  The court is not required to accept this conclusory allegation as true.  *See Twombly*, 550 U.S. at 555.  Ms. Akmal could have alleged specific statements by identifiable City officials or concrete actions demonstrating discriminatory animus.  Courts find such concrete factual allegations sufficient to survive a motion to dismiss.  *See, e.g., Elliot-Park v. Manglona*, 592 F.3d 1003, 1005-06 (9th Cir. 2010) (finding sufficient discriminatory allegations when complaint stated that police failed to investigate or charge a drunk driver who hit a minority victim, despite obvious signs of intoxication and an admission that the driver "blacked out" while driving).  Ms. Akmal fails to plead any concrete statements or factual allegations.  Instead, she alleges only that the City was unresponsive to her complaints and that she personally believes the City was motivated by animus.  Rule 8 requires more.  Accordingly, the court dismisses her § 1985 and § 1986 claims.

   3.  Ms. Akmal's State-Law Tort Claims

Ms. Akmal asserts numerous claims under state law including invasion of privacy, intentional and negligent infliction of emotional distress, intrusion upon seclusion, stalking, and tortious interference.  (3d Am. Compl. ¶ 60.)  Further, she brings false light

and defamation claims arising out of the dissemination of her photograph to City officials. (*See id.* ¶¶ 39, 60.)

As Ms. Akmal does not plead the requisite elements for false light and defamation, the court addresses those claims first. To make out a claim for either false light or defamation, the plaintiff must show "falsity." *Mohr v. Grant*, 108 P.3d 768, 773 (Wash. 2005) ("The elements a plaintiff must establish in a defamation case are falsity, an unprivileged communication, fault, and damages."); *Eastwood v. Cascade Broad. Co.*, 722 P.2d 1295, 1297 (Wash. 1986) ("A false light claim arises when someone publicizes a matter that places another in a false light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed."). Ms. Akmal alleges only that Detective Himple "transmitted a document with [her] photo and her personal information" to the City. (3d Am. Compl. ¶ 39.) She does not argue that any of the transmitted information was false. (*See generally id.*) Therefore, she fails to state a claim for false light or defamation.

Ms. Akmal's remaining state law claims are also defective. Her state law claims stem from a theory that the City repeatedly stalked, threatened and retaliated against her. (*Id.* ¶¶ 18, 33.) She claims that not only were members of the Kent Police a part of the group of "mostly anonymous individuals" who stalked her initially (*id.* ¶ 18), but that the City retaliated against her for attempting to lodge subsequent complaints reporting the stalking (*see id.* ¶¶ 33, 36, 37, 38). She asserts various causes of action arising from this theory, including intentional and negligent infliction of emotional distress, intrusion upon

ORDER- 8

seclusion, stalking, tortious interference, and a violation of Article I, Section VII of the Washington Constitution. (*See id.* ¶ 60.) Her theory, however, suffers from at least one fatal defect. Ms. Akmal does not plausibly allege that the City is responsible for the harm she asserts. Instead she makes only speculative inferences, which are not enough to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Even if the court accepts that Ms. Akmal was stalked, wrongfully terminated, and that individuals illegally searched her house, she does not allege facts that would allow the court to draw a causal relation between the City and her asserted harm. (*See* 3d Am. Compl. ¶¶ 33, 36.) Ms. Akmal's personal belief that the City is responsible for these events, without more, is "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted).

For example, she asserts that soon after she left her name and phone number with the City Clerk, "they" began "entering her home, going through her personal correspondence, [and] computers" and sending her "veiled threats of physical harm- 'I can hurt you,' 'you know what they say about the squeaky wheel,' references to playing 'Cowboys and Muslims'" and left "an empty shell case" in her vehicle. (3d Am. Compl. ¶ 33.) Although such harms might give rise to a cause of action, she does not allege facts showing the court that "they" is the City. Ms. Akmal alleges only that certain events occurred and that she personally believes the City committed those harms. Ms. Akmal's speculative belief that the City harmed her does not move her allegations from conceivable to plausible. *See Twombly*, 550 U.S. at 555. It is merely a conclusion that is not entitled to a presumption of truth. *Id.*

ORDER- 9

The same is true for Ms. Akmal's claim that the City had her fired. (3d Am. Compl. ¶ 36.) She asserts that whenever she went over the police's head to lodge a complaint, she would suffer a "major loss of a necessity." (*Id.*) The fact that two events occurred within a relatively short time frame does not allow the court to draw a causal relation implicating retaliation by the City. Without showing why her lodging a complaint and losing her job are connected, Ms. Akmal does not allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Because Ms. Akmal does not allege sufficient facts implicating the City for the harms associated with her general theory of liability, she does not state a claim for relief arising from those events. Accordingly, the court dismisses Ms. Akmal's state law claims.

  4. <u>Ms. Akmal's § 1983 Claim</u>

Ms. Akmal brings a § 1983 claim, asserting violations of the First, Second, Fourth and Fourteenth Amendments. (*See* 3d Am. Compl. ¶ 60.) Although § 1983 refers only to "person[s],"[1] plaintiffs may sue local governing bodies directly under § 1983 for monetary, declaratory and injunctive relief for violations of constitutional rights. *Monell*

---

[1] The full text of § 1983 reads: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983.

*v. Dep't of Soc. Servs. of City. of N.Y.*, 436 U.S. 658, 689 (1978). Cities, however, cannot be held vicariously liable for the actions of their employees under § 1983. *Monell*, 436 U.S. at 692. Accordingly, "plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Monell*, 436 U.S. at 691). An official policy is "a deliberate choice to follow a course of action . . . ." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). The Ninth Circuit Court of Appeals has identified two types of policies: "those that result in the municipality itself violating someone's constitutional rights or instructing its employees to do so" and those that result through "omission . . . ." *Id.* (internal quotations and citations omitted). There are, however, heightened requirements for proving a policy of omission. *Id.* The plaintiff must show, in addition to a constitutional violation, that the policy of omission "amounts to deliberate indifference to the plaintiff's constitutional right, and that the [omission] caused the violation . . . ." *Id.* (internal quotations and citations omitted).

        *a. Pleading Standard for Monell Claims*

There is some uncertainty surrounding the pleading standard for *Monell* claims. The longstanding rule in the Ninth Circuit was that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (internal quotations omitted). While *Karim-Panahi* has not been explicitly overruled, the Ninth Circuit has recognized the potential conflict with the

Supreme Court's recent pleadings jurisprudence. *See Mateos-Sandoval v. Cnty. of Sonoma*, 942 F.Supp. 2d 890, 898-99 (N.D. Cal. 2013). Accordingly, the Ninth Circuit has attempted to reconcile the Supreme Court's ruling in *Twombly* and *Iqbal* with other "recent cases in which the Court construed Rule 8(a) in a way that would permit more claims to survive a motion to dismiss." *Id.* at 899. In doing so, the Ninth Circuit constructed a two-part rule governing the pleading standard for *Monell* claims: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex. rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

      The court makes no determination as to whether the *Hernandez* standard is compatible with the Supreme Court's decision in *Twombly* and *Iqbal*. While the "plausibility" requirement in *Hernandez* overlaps with the "plausibility" requirement in *Iqbal*, it is unclear whether the standards are identical. Because Ms. Akmal pleads insufficient facts to survive a motion to dismiss under either standard, the court leaves this question for another day.

      To make out a § 1983 claim against the City, Ms. Akmal must show that an official custom or policy deprived her of a constitutional right. *See Thompson*, 131 S. Ct.

at 1359.  While it is highly doubtful whether Ms. Akmal even pleads sufficient facts to make out a constitutional violation, the court need not address the issue.  Ms. Akmal does not allege that her potential harm occurred due to an official government policy.  Although she names high-ranking City officials as defendants, the substance of her complaint focuses on the actions of unidentified City agents.  (*See generally* 3d Am. Compl.)  Ms. Akmal does not plead facts that plausibly show an official City police policy of either action or deliberate indifference that caused a deprivation of her constitutional rights.  *Desert Palace, Inc.*, 698 F.3d at 1143.  Accordingly, it would be "unfair to require the [City] to be subjected to the expense of discovery and continued litigation."  *AE ex. rel. Hernandez*, 666 F.3d at 637 (internal citations omitted).

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the City of Kent's motion to dismiss (Dkt. # 49), but provides Ms. Akmal leave to amend her complaint within ten days of the date of this order.  If Ms. Akmal decides to file an amended complaint, it must comply with W.D. Wash. Local Rule LCR 15.  In other words, Ms. Akmal must "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added."  *See* W.D. Wash. Local Rule LCR 15.  The court warns Ms. Akmal that should she fail to timely amend her complaint in a manner that resolves the deficiencies herein, the court will dismiss the claims against the City without

prejudice.  Ms. Akmal has already filed three amended complaints (*see* Dkt.), and additional opportunities to amend will likely be denied.

Dated this 24th day of April, 2014.

JAMES L. ROBART
United States District Judge